IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **KATHRYN DANIELS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 08-2625-CM |
| ) | |
| **CESSNA AIRCRAFT COMPANY** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Kathryn Daniels ("plaintiff") brings this action against defendant Cessna Aircraft Company ("defendant"), alleging gender discrimination in violation of Title VII of the Civil Rights Act. On December 10, 2008, plaintiff filed her complaint and designated Kansas City as the place of trial. On February 27, 2009, defendant filed its Motion for Transfer (Doc. 8), requesting that the court transfer this matter to the United States District Court for the District of Kansas in Wichita, Kansas.[1]

**I.    Legal Standard**

The court is not bound by the parties' requests for place of trial and may determine the place of trial at its own discretion or upon motion by a party. D. Kan. Rule 40.2. Change of venue is governed by 28 U.S.C. § 1404(a). Because Kansas constitutes only one judicial district and division, 28 U.S.C. § 1404(a) is, on its face, inapplicable to defendant's request for intra-district transfer. *Smith v. Staffmark Temporary Agency*, No. 07-2089-CM-GLR, 2007 WL 2436669, at *1 (D. Kan. Aug. 22,

---

[1] Plaintiff suggests that defendant is also seeking to have the case docketed and maintained in Wichita. In its reply, defendant clarifies that it is not seeking to transfer maintenance of the docket to Wichita. In any event, the court need not decide the issue due to electronic case filing. *See Mack v. Hawker Beechcraft Corp.*, No. 07-2118-JAR, 2007 WL 2746682, at *1 (D. Kan. Sept. 19, 2007) ("[I]n this age of electronic case filing, it is largely irrelevant where a case is docketed.")

-1-

2007). The courts in this district, however, often look to the factors set forth in 28 U.S.C. § 1404(a) when considering a request for intra-district transfer. *Jones v. Wichita State Univ.*, No. 06-2131-KHV-GLR, 2007 WL 1173053, at *1 (D. Kan. April 19, 2007). Those factors include "plaintiff's choice of forum, the convenience for witnesses, the accessibility of witnesses and other sources of proof, the relative advantages and obstacles to a fair trial, and 'all other considerations of a practical nature that make a trial easy, expeditious and economical.'" *Smith*, 2007 WL 2436669, at *1 (quoting 28 U.S.C. § 1404(c)); *see also Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). Unless these factors weigh strongly in the defendant's favor, the "plaintiff's choice of forum should rarely be disturbed." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (quoting *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)). Defendant, as the party moving to transfer the case, bears the burden of establishing that the existing forum is inconvenient. *Smith*, 2007 WL 2436669, at *1.

**II.     Analysis**

    *A.     Plaintiff's Choice of Forum*

Although the court considers plaintiff's choice of forum, plaintiff's choice is given less weight because it is not her place of residence. *Baker v. Via Christi Reg'l Med. Ctr.*, No. 06-2168-KHV, 2007 WL 913925, at *1 (D. Kan. Mar. 23, 2007). Accordingly, this factor weighs only slightly in favor of plaintiff.

    *B.     Convenience and Accessibility of the Witnesses and Other Sources of Proof*

Defendant argues that this factor weighs in favor of transferring this case to Wichita because (1) all of the witnesses defendant intends to call reside in and around the Wichita area, as do the majority of other potential witnesses and (2) all sources of proof relating to plaintiff's employment—plaintiff's personnel record, medical records, and payroll records—are located at defendant's Wichita

facility.  Defendant also points out that (1) defendant is located in Wichita, (2) plaintiff resides in the Wichita area, and (3) defendant's counsel resides in the Wichita area.  The only connection with Kansas City appears to be that it is the location of plaintiff's counsel.

Although this case is in the initial stage of litigation, the facts alleged suggest that the majority of the witnesses and evidence will be in the Wichita area.  Plaintiff was employed at defendant's Wichita facility and it appears the events relating to plaintiff's claims occurred in Wichita.  The parties do not know definitively who they will call as witnesses at trial, but because the events occurred in Wichita, it is likely that many witnesses will be close to the Wichita area.  Wichita is almost 200 miles from the Kansas City courthouse, making travel inconvenient for the majority of the witnesses.  Witnesses would have to travel several hours each way to testify and would have to stay overnight if their testimony spanned more than a day.  Similarly, plaintiff's employment records and the other proof necessary for trial are at defendant's Wichita facility.  In fact, plaintiff has not identified a single witness, party, or exhibit that either resides or is located in Kansas City.  Because most of the witnesses, parties, and counsel reside in the Wichita area and the majority of the evidence is located in Wichita, this factor weighs significantly in favor of defendant.

### C. *Fair Trial*

Plaintiff argues that it is too early to determine if plaintiff can get a fair trial in Wichita and suggests that plaintiff should be allowed the opportunity to scientifically test the community regarding the fairness of a trial in Wichita.  The court finds this argument unpersuasive.  *See Mack*, 2007 WL 2746682, at *2 ("In any event, nothing precluded plaintiff from conducting such a test in the six months since he filed this action.  And, nothing precludes plaintiff from conducting such a test in the future and seeking a transfer of trial out of Wichita, supported by evidence that he cannot receive a fair trial there.").  Furthermore, other courts in this district have found that a plaintiff in an

employment-related action can receive a fair trial in the location where the defendant is a major employer.  *Benson v. Hawker Beechcraft Corp.*, No. 07-2171-JWL, 2007 WL 1834010, at *2 n.3 (D. Kan. June 26, 2007) ("[C]ourts in this district have consistently held that plaintiffs who bring an employment action against a Wichita-based employer can get a fair trial in Wichita and that concerns to the contrary may be adequately addressed during *voir dire*.").  The court finds that this factor does not weigh in favor of either party or location.

In this case, all other considerations of a practical nature that make a trial easy, expeditious and economical are either neutral or favor transferring the case to Wichita.  After weighing all the relevant factors, the court finds that defendant has demonstrated that it would be burdensome on everyone except plaintiff's counsel to hold the trial in Kansas City.  Therefore, the court finds that the convenience of Wichita significantly outweighs the inconvenience of Kansas City and concludes that the case should be transferred to Wichita.

**IT IS THEREFORE ORDERED** defendant's Motion for Transfer (Doc. 8) is granted.

Dated this 30th day of April, 2009, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**